UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

————

No. 6:24-cv-00451

————

**David Duran,**
*Petitioner,*

v.

**Larry Berger,**
*Respondent.*

————

# ORDER

David Duran petitions for a writ of habeas corpus regarding his state-court conviction for aggravated sexual assault. Doc. 1. The case was referred to a magistrate judge (Doc. 4), who issued a report recommending that the court dismiss Duran's petition without prejudice to his right to seek permission from the U.S. Court of Appeals for the Fifth Circuit to file a successive petition and deny Duran a certificate of appealability sua sponte. Doc. 13 at 11. No party filed written objections, and the report mailed to petitioner was returned twice as "undeliverable." Docs. 14, 15; *see also Davis v. King*, 270 F. App'x 355, 356 (5th Cir. 2008) (per curiam) (unpublished) (holding that it is a petitioner's responsibility to update his address). Considering that the court has twice mailed a copy of the report to Duran's last-known address, Duran has received sufficient notice of the report. *Watkins v. Numerous Bureau of Prison Officials*, 846 F. App'x 310, 311 (5th Cir. 2021) (per curiam) (unpublished) ("Notice mailed to his last known address was sufficient." (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996))).

When there have been no timely objections to a report, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment. Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. The petition for a writ of habeas

- 1 -

corpus (Doc. 1) is dismissed without prejudice to petitioner's right to seek permission from the Fifth Circuit to refile. A certificate of appealability is denied sua sponte. Any pending motions are denied as moot.

*So ordered by the court on February 2, 2026.*

J. CAMPBELL BARKER
United States District Judge